945 F.2d 406
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Durrell WILLIAMS, Also known as Duke, Defendant-Appellant.
 No. 91-5134.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1991.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Eric Durrell Williams, a federal prisoner, appeals the sentence imposed by the district court following his guilty plea to one count of possession with intent to distribute dilaudid, a section II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, although requested to do so by June 25, 1991 by the clerk's office, neither counsel has requested oral argument. Thus, oral argument is waived in this case.
 
 
 2
 Williams pleaded guilty on August 23, 1990 to possession with intent to distribute approximately 505 tablets of dilaudid on July 11, 1990. At the sentencing hearing, Williams contested the use of the gross weight of the pills to establish a base offense level and also the probation officer's statement that he had attempted to obstruct justice by "stomping" on the pills when he was arrested. Nonetheless, the district court found that Williams's base offense level was 26, based upon the gross weight of the pills, and increased this by 2 levels for obstruction of justice for a total offense level of 28. With a criminal history category of I, December 13, 1990 to 78 months imprisonment, followed by 3 years supervised release, and imposed a $50 special assessment.
 
 
 3
 On appeal, Williams argues that the district court erred by including the weight of the mixture or substance in which the drug was contained in setting his base offense level, and also by increasing his offense level by 2 for obstruction of justice.
 
 
 4
 Upon review, we affirm the district court's judgment because its findings of fact are not clearly erroneous and it properly applied the sentencing guidelines to Williams's case.
 
 
 5
 Williams's argument that only the net weight of hydromorphone, the active ingredient in tablets of dilaudid, should be considered for purposes of establishing his base offense level has been rejected by at least four circuit courts, including the Sixth Circuit. See United States v. Sims, No. 90-6062, slip op. at 2 (6th Cir. June 21, 1991); United States v. Shabazz, 933 F.2d 1029, 1035-36 (D.C.Cir.1991); United States v. Lazarchik, 924 F.2d 211, 214 (11th Cir.), petition for cert. filed (Apr. 24, 1991); United States v. Meitinger, 901 F.2d 27, 29 (4th Cir.), cert. denied, 111 S.Ct. 519 (1990). The Supreme Court, moreover, has recently held that the weight of the entire mixture or substance at issue is to be used when calculating the sentence for violations of 21 U.S.C. § 841(a). Chapman v. United States, 111 S.Ct. 1919 (1991). Although Chapman involved LSD blotter paper, its logic is applicable to this case as well.
 
 
 6
 Williams's second argument on appeal is also meritless because the district court's finding that Williams attempted to obstruct justice is not clearly erroneous. See United States v. Alvarez, 927 F.2d 300, 303 (6th Cir.), cert. denied, 111 S.Ct. 2246 (1991).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.